**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CLAIR AUDREY WOLF, (TDCJ #01859849) | § § § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-0635 |
| LORIE DAVIS, | § § | |
| Respondent. | § § § | |

**ORDER**

Clair Audrey Wolf, a Texas state inmate, filed this petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a state-court conviction for solicitation of capital murder. Wolf has filed several motions, including a motion for appointment of counsel (Docket Entry No. 25); a motion to strike the respondent's motion for summary judgment (Docket Entry No. 26); a second motion for extension of time (Docket Entry No. 27); and a motion for discovery (Docket Entry No. 28). The Court has carefully considered all of the motions and concludes as follows.

Wolf requests the appointment of counsel. There is no constitutional right to counsel on federal habeas review. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions") (citation omitted). Although Wolf raises several issues in his petition, none of them are completely novel or complex. He does not show that the "interests of justice" require the appointment of counsel. *See Schwander v.*

*Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985). Accordingly, his motion for appointment of counsel (Docket Entry No. 25) will be denied at this time.

Wolf also seeks discovery in order to respond to the motion for summary judgment. Discovery is very limited in federal habeas proceedings challenging state court judgments. The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Likewise, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000).

Wolf contends that he needs discovery because the state habeas court's findings of fact and conclusions of law were not supported by the affidavit of James Sidney Crowley, his trial counsel. Wolf alleges that Crowley's affidavit was never forwarded to the Texas Court of Criminal Appeals, and, therefore, that the habeas court's findings and conclusions lacked factual support.

Publicly available records reflect that on December 10, 2018, a supplemental record was submitted to the Texas Court of Criminal Appeals in his state habeas case.[1] The supplemental habeas corpus record filed by the respondent in this federal habeas proceeding shows that the state trial court's October 17, 2018 Order of Findings of Fact

---

[1] *See* Official Notice from the Court of Criminal Appeals of Texas, for Trial Ct. No. 1354683-A, WR-88,751-01, dated Dec. 10, 2018, *available at* the Texas Court of Criminal Appeals website, http://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=01f3b49e-abea-4023-be27-ff125e2d74ec&coa=coscca&DT=SUPP RECD&MediaID=f2aadb22-c665-4bbd-a088-97f4b5a19bf0 (last visited Nov. 6, 2019).

and Conclusions of Law in cause number 1354683-A, along with Crowley's September 24, 2018 affidavit, were forwarded to the Texas Court of Criminal Appeals on December 10, 2018.[2] Wolf's contentions are belied by the record. The Court finds that he does not demonstrate that good cause exists for further discovery in his federal habeas case. Therefore, Wolf's motion for discovery (Docket Entry No. 28) will be denied.

Wolf also argues that the respondent's motion for summary judgment does not suffice as an answer to his habeas petition and requests that the Court strike the motion. Wolf is incorrect. *See Randle v. Scott*, 43 F.3d 221, 226 & n.2 (5th Cir. 1995) (rejecting habeas petitioner's claim that a summary judgment motion is inappropriate in a habeas proceeding and noting that the motion contained responses to the allegations as required by Rule 5). Here, the respondent's motion for summary judgment contains the responses required by Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, as the respondent was directed to do in the Court's February 26, 2019 Order to Answer. *See* Docket Entry No. 10 at ¶¶ 2-4, 6 ("Whether the respondent elects to submit an answer or a dispositive motion (**i.e., a motion to dismiss or for summary judgment**), Wolf shall file any reply within **thirty (30) days** of the date reflected on the certificate of service.") (first emphasis added). Wolf's motion to strike (Docket Entry No. 26) will be denied.

Finally, Wolf has filed a second motion for an extension of time to respond to the motion for summary judgment. He requests several months' extension, up to and including

---

[2] *See* Supp. State Habeas Corpus Record at Bates 00032-47 (Docket Entry No. 18-36 at CM/ECF pp. 34-53) (Findings of Fact and Conclusions of Law signed on Oct. 17, 2018); *id.* at Bates 00007-8 (Docket Entry No. 18-36 at CM/ECF pp. 9-10) (Crowley Aff., signed on Sept. 24, 2018).

February 3, 2020, to respond. (Docket Entry No. 27). The Court has considered Wolf's motion and concludes that it should be granted in part and denied in part. Wolf shall have until December 20, 2019, to file a response. Wolf is advised that further extensions will not be granted unless good cause is shown.

In conclusion, the Court **ORDERS** as follows:

1. Petitioner's motion for appointment of counsel (Docket Entry No. 25), motion to strike (Docket Entry No. 26), and motion for discovery (Docket Entry No. 28) are **DENIED**.

2. Petitioner's second motion for an extension of time (Docket Entry No. 27) is **GRANTED in part**, and **DENIED in part**. Petitioner's response shall be due no later than **December 20, 2019. No further extensions will be granted unless good cause is shown**.

The Clerk shall enter this Order and provide a correct copy to the parties.

SIGNED at Houston, Texas, on _____ **NOV 0 8 2019** _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE